The first case for argument is Case No. 25-1475, Leticia Roberts et al. v. Tony Thompson et al. Thank you. Mr. Moore? Good morning, Your Honors. May it please the Court, my name is Charles Moore, Counsel for Plaintiffs' Appellants. Your Honors, this case is simple, both on standing and on the merits. First, plaintiffs have standing under this Court's precedence because they allege that the government denies them an opportunity to be heard. On a subject that the Supreme Court hasn't addressed for 50 years, this is just a simple case? I'm sorry, that's the standing issue, Your Honor. Pardon? The standing issue, Your Honor. Oh, well, you said the case is simple. Well, let me go piece by piece. So standing, I think, yes, is very simple. And so that would be this Court's precedence in Hughes, Brooks, and Johnson. Hughes and Brooks both say allegations of the absence of process attributable to defendants satisfy standing. We have that here. Now, the second part, which I understand is where Your Honor's question goes to, is the merits question. I wasn't saying standing was simple either. Okay. Well, we'll get into both. And so as to the merits … That's a bad start, though, to say this is a simple case when it gets oral argument in a circuit court. All right, Your Honor. Well, let me see if I can simplify it for you. So as to the merits, if the Court reaches the merits, the Court should hold that the defendants don't even provide the minimum constitutional requirement of a post-deprivation procedure that this Court required in Mickelson. So therefore, the Court should reverse and remand. So let me start with standing, because as you say, Your Honor, this is the threshold issue. So standing here is about the rights asserted by plaintiffs. Those rights are the rights to one's own property and the right to be free from governmental incursion on that property. Those are the precise sorts of rights that have always been encompassed within the traditional purview of Article III. And so here, the allegations control. Defendants, one, seized Mr. Sayers' property while he was incarcerated. Number two, defendants, the government, collected money from both plaintiffs after they were released from custody. And then number three, we have allegations in the complaint. The government provides no opportunity to be heard after the deprivations of property. So to be very clear, we're not arguing that there needs to be pre-deprivation process, just that there needs to be some opportunity to be heard. No, I think the governing things you're referencing have to be interpreted as you interpret them in order to reach your result. What's that, the allegations, Your Honor? Well, the no-deprivation, post-deprivation process is, first of all, hypothetical and not ripe. Well, Your Honor, so... Just the allegation. I'm sorry, but an allegation doesn't get you past the standing. So, Your Honor, what we have alleged here, and the allegations control, but I take Your Honor's point. What we have alleged, paragraphs 11, these are compelled payments, and paragraph 133 for Mr. Sayers, the money was taken from him. At the point that there is a transfer of money, an exchange of money from an individual, a private citizen, to a government official, the due process clause, at a minimum, requires notice and an opportunity to be heard. So that's getting a bit into the merits, but they sort of relate to one another, obviously. So the question here is, the three injuries that we have alleged, monetary harm, the absence of process, and imminent future harm, are those caused by defendants, and is there a redressability in this court? Well, you haven't even talked about Roberts, who's the much more difficult standing plaintiff. Sure, Your Honor. So if the only thing is the $75 in cash from Sayers, you wouldn't have to be here. Okay, Your Honor. And so, I mean, it's not okay. You're just not giving us the case that's presented. Your Honor, let's talk about Ms. Roberts and her standing. So for her, she has a confession of judgment. Both plaintiffs do. A confession of judgment, the Supreme Court has described as consent in advance to a waiver of notice and opportunity to be heard. That's the Overmyer case. Now, she has, therefore, guaranteed absence of process, no opportunity to be heard. That's one injury. Another injury is the monetary harm that she suffered. Defendants agree the monetary injury is injury, in fact. So then we get to, okay, how is that caused by defendants? We alleged in paragraphs 1, 2, and 3 in our complaint, and further throughout the complaint, that the causation, excuse me, what we were challenging were defendants' policies, practices, and customs surrounding the assessment and collection of jail fees. So that monetary harm and that denial of an opportunity to be heard, those are both caused by defendants. Now, what the district court did, excuse me, Your Honors, what the district court did was a focus of causation analysis monetary harm if the process is started. Well, so it sounds like that's a merits question. Pardon? That's a merits question or 12b-6 is what I'm hearing from Your Honor. Well, you're hearing wrong. Okay. It's intertwined with standing. Okay. And so what our argument on the merits is, which I understand. I don't want to hear the merits argument. I want to know why the fact that these COJs have never been, have never proceeded to collection and process doesn't affect standing. Because, Your Honor, it's all hypothetical. It's not hypothetical because, Your Honor, the government has taken our clients' money. The property interest. Not her money. So respectfully, Your Honor, I disagree. At a minimum. Well, post-release, you can argue it, I guess. And, Your Honor, so it sounds like the question that you're asking there is about voluntariness, which I'm happy to address. Because of, I'm sorry, am I misunderstanding? You just want to slide right by standing. I absolutely. The three elements. Well, you are. Okay. So let's talk about the three elements. Injury and fact. We have monetary harm. Absence of process. We don't have absence of process. We have a COJ. That's right. And you say because of what the Supreme Court said 50 or 75 years ago, that equals an absence of process. Ignoring entirely the relevant statutes regarding the COJ and its approval. So, Your Honor, again, the allegations in our complaint are about the deprivation of property. And so the confession of judgment, I agree, is an important part of all of this. You just said it's the end of the, it's the end of the, it's all we have to know. Your Honor, I don't believe I said that. But if I did, I apologize. What I'm saying here is that there is a deprivation of property. Plaintiffs have lost their money to the government. The government, therefore. She has not lost any money yet. She has, Your Honor. Paragraphs 112 to 123 lay out the collection that hasn't happened yet. It has happened, Your Honor. Well, you mean she got a call and so she started paying $5 a month or whatever it is. She got a call. She said she couldn't make payments. Then once they responded to that with a collection letter, the collection letter said you must pay right now. Then number three, they sent a sheriff's deputy to her home. The sheriff's deputy instructed her to make payments. Only then, paragraph 123, did she make a payment because she wanted to avoid further law enforcement interaction. So this isn't an instance where she made. Coercion is a fact. That's exactly right, Your Honor. Coercion is a fact. Right. So there we are. But the reasonable inference on these allegations. Coercion is essential to your standing argument and it's a fact. Your Honor, it is a fact question. And on the pleadings here, the question would be, is there at least a reasonable inference that she was coerced? At a minimum, the answer is yes. Counsel, for purposes of standing, don't we assume that she is correct on the merits that she was coerced? That's right, Your Honor. Yes. And so defendants will be free to litigate the coercion question and the voluntariness question once we get into discovery. Once we get beyond the pleadings. But at this point, yes, that's correct, Your Honor. What exactly is the process that's being denied? Is it at the time that the coercion occurs or is it the process that they would have had to go through to otherwise enforce the ability to collect, which I think is there, right? Right. So the process is not at the point of coercion. Our argument is the process, due process is implicated at the point of the deprivation of property. So that begs the question. That begs the question that he asked. Right. And so where money was. I thought what you were getting at is that if there is no confession of judgment, they have to go through a court process to enforce their right to collect, which I think they have a statutory right to collect that, right? That's right, Your Honor. And so. Is that the process that's being denied? It might be. So this is a question of State law. And State law defines one process, but the due process clause could provide an entirely different process. Well, okay. That's what I'm getting at. Explain to me what the process that's being denied here is. Yes. So it would be notice of the amount that's due and how someone can go about challenging that amount. Then it would be an opportunity to be heard on evidence and on argument. That could be a pre-litigation process, be a pre-litigation opportunity to be heard. It could also be the reimbursement claim in Iowa District Court. Well, they probably get notice of the amount due when somebody walks up with a confession of judgment that has a number on it. Yes, I agree with that, Your Honor. But the notice is deficient because it doesn't give them a way to challenge the amount. So they need an opportunity to be heard in front of someone to say this amount is incorrect or can you reduce it because I can't pay this amount. And then there needs to be adjudication by a neutral arbiter. After all of that, we don't know what the outcome would be. Not if you say, okay, here's my check, and it clears. And, Your Honor, as you mentioned before, that would be a factual question, whether those were payments that someone willingly made. So on the face of your allegation, you have an established standing. Your Honor, I think I've addressed this question, but I disagree with that. We have made at least a reasonable inference. I know you do. All right. We're way off on this issue. Okay. If there are no further questions, I'd like to reserve the remainder for rebuttal. Thank you.  May it please the Court. Your Honor, my name is Mike Richards. I represent the defendant, Applebee's, in this case, Blackhawk County and the Sheriff's Department. This case has been kind of a moving target as to what the plaintiff is alleging the complaint says and what their alleged argument is regarding the process. But instead of talking about that first, I want to talk about some important things that I think frame my arguments on standing about what we don't disagree on. First of all, I think all parties agree that Iowa Code 356.7 allows for the collection of jail fees for individuals that stay in Blackhawk County's jail. That's stated in the First Amendment complaint. It says that that's the only proper way to collect them. During the hearing with the defendant ---- Say that again? What's the only proper way to collect them? Under Iowa Code 356.7, Your Honor, which is the code that authorizes the collection of jail fees. In front of the district court ---- I don't think it uses the words confession and judgment in there. No, sir, it does not. It has a provision that says that they can charge the fees and then they can take reasonable means ---- it doesn't say reasonable means, but if they are unsuccessful in attempts to collect, then they can file the civil reimbursement claim. At the underlying hearing, the district court judge said, I want to make sure you're not alleging that 356.7 is unconstitutional, and you've got that hearing in front of you. He said, no, we're not alleging that. He said, I want to make sure you're not alleging that they can't call, they can't send letters, they can't send a uniformed police officer to attempt to collect before civil judgment. He said, that's correct, we're not alleging that. And he said, well, so the issue that arose, the issue that this case was about is what happens if you institute a confession of judgment in relation to 356.7. Because their argument is the confession of judgment denies process. And there is no dispute that these individuals did sign confessions of judgment, and under the pleading standard, they say that they represented it and they thought they had to. So that's what this court has to deal with on this appeal. However... Counsel, why aren't the allegations in paragraphs 100 and 150 through 153 sufficient to establish standing under our opinion, Hughes v. City of Cedar Rapids? Your Honor, I believe they are not. I think the Hughes case is differentiated. I know Judge Loken was on the case. Hughes was an ATE case, automatic traffic enforcement case, where an invoice was sent to an individual that said you were speeding and you're going to be charged this fee unless you engage in this process. And the defendant in that case said, well, you didn't engage in the process, so you can't make an argument that you have standing. And the Hughes case said, no, there was an injury that was traceable to that. They were already assessed the fees. You can't later say you have to do this, and if you don't do it, you're not engaging in procedure and therefore you have standing. I think it would be a different case in this, Judge Gross, if we actually filed the confession of judgment and then we said, and we tried to argue you didn't comply with the procedure that you could have complied with to set it aside. Then I think Hughes would be controllable. Let me tell you, I've been trying to interpret your statute in the abstract, particularly in light of Hughes. To me, the big problem, your big problem for me is I read Section 356.7.2C as saying that the district court's approval is a rubber stamp. There's actually a Supreme Court case, Supreme Court of Iowa case, on that exact point that says that it's not a rubber, that the legislature couldn't possibly have meant that. It's not a rubber stamp. The court can review it. What case? What are we talking about now? There is a case on that point. It was in the underlying briefing, Judge. I don't think it's in our appellate brief, but the Iowa Supreme Court. How could it not be? I apologize, Judge. Judge, serve us up just a bowl of nothing and expect us to parse our way through it. I want that case in a 28-J letter in 24 hours. Yes, sir. With a reference to the record of where it was made available to the district court. Yes, sir. It is referenced in the oral argument as well, Your Honor, but I will provide that letter to you. Not today until I grogged it out. Yes, sir. So to respond to your point, Judge Graz, I don't believe that Hughes is controlling in this case for that reason. So, again, the standing argument, that's the primary issue. The plaintiff is arguing that the payment of the fine was an injury, which we agree it was an injury. The court found that. The court's problem was the court was not able to, based on the facts and the allegations in the second amended complaint, and what was argued at the court to say that that injury, the confession of judgment, those damages were fairly traceable to the lack of process and procedure of a confession of judgment that's not filed. Moreover, the court said even if I concluded that that document lacked due process, if it were filed, I can't get to redressability either because the parties agreed that regardless of the presence of this confession of judgment, they had the ability to set these jail fees and they had the ability to charge them. So even if the court said, yes, if this thing violates due process, you still owe it anyways under 356.7. Did you concede that courts often, when the regular process is employed rather than the consent judgments, that the courts often waive these fees? We didn't concede that. That was something that was discussed by plaintiff's counsel. The law actually has changed. They used to be recoverable as a part of a criminal restitution, and then the Iowa legislature changed the law so that you'd have to file the civil action instead. And part of the reason the legislature provided that argument, or they changed it to civil case, is because judges were just simply waiving it, and the legislature wanted to have the ability to have this second civil action. So we did not concede that they would waive them. I believe the plaintiff cites a quote from the sheriff that says the judges sometimes will waive them, but that actually related to back when they were part of the criminal restitution award. So I think that's slightly distinguished. Plaintiffs also arguing in their brief, appellants arguing in their brief that they should have standing based on lack of process alone. I think that Hughes case, we already talked about that, but I don't think the lack of process in and of itself, unless it's tied to an injury, can invoke standing for an individual. Otherwise, you'd have this circular loop where if you alleged a lack of due process, you're automatically going to have standing because you're saying, well, my standing is a lack of process. So that argument doesn't work. You have to tie it to some type of concrete injury in order to have standing to assert that. And their final argument on standing is imminent risk of injury, and there's nothing in the complaint to suggest that there is an imminent risk that they're going to file these confessions of judgment. They don't allege it, and the facts don't support it. It's from 2022 and 2024, 2022 through 2024, that we're talking about the facts in this case. And here we are in 2026, and they had been collecting amounts that were well below what was contained in the confession of judgment, and they hadn't done anything with them. So we believe under the imminent risk of injury standard where it's just too speculative, it's too many what-ifs, because even the appellants, the plaintiffs, agree that we could choose to file a reimbursement claim. That's one of our options, and they couldn't disagree with that. They could then attempt to argue the reimbursement claim afterwards, but there's just too many what-ifs. Counsel, I'd like to turn to the merits, if I could, for a while. It's my understanding that the district court determined that Roberts and Sayers failed to establish deprivation because they voluntarily paid the jail fees. But isn't that a factual finding that's contrary to the allegations in their complaint? Judge, I agree that the Appellants' Counsel doesn't like the term voluntary, and the court does use the term voluntary, but I think it's a combination of various factors. I think it's because they agreed that these jail fees are collectible. We agreed in the hearing that there's been no order either under the civil reimbursement claim or under the confession of judgment that would compel them to pay them. And Plaintiffs' Counsel's brief in the underlying case said that they didn't have a compulsion to pay these. So I think ---- Was ripeness argued to the district court? Judge, we inferred ripeness all along because we said there was no process that was denied because the ---- Well, it's a specific subsection of standing analysis. Well, in our standing argument, part of it, Your Honor, was ---- Actually, it's a separate Constitution principle. In our ---- Basic Article III. Yeah, I'm sorry to interrupt you, Judge. In our argument, we did say that the claims couldn't proceed forward because the lack of process that they're saying should occur hadn't occurred yet. Judge Gauze, I'm not sure if I answered your question completely, but I would say that ---- Well, it seems to me that in order to find that they had stated a claim, the district court made a factual finding that was contrary to the allegations in their complaint. If they determined that it was voluntary, they're alleging that it was coerced. You know, they don't use the phrase coerced. I do agree that they are ---- Pressured. Pressured or, yeah, that's a fair reading, Judge, and I understand that we have to take the allegations in the light most favorable to the plaintiff, although I think the court can also, you know, there is authority that allows the court to consider the judicial admissions made by counsel during motions, and counsel did say that, you know, there was no order to pay and that either through the confession of judgment or through a reimbursement claim, and if there's no order to pay and they ---- Well, I think they were told you can go home now and you can have your property back if you sign this statement. It's a confession of judgment. They allege that with respect to Roberts. That's the allegation. The payments weren't made at that time. Again, the payments were made later. So I think the court believed, again, that you couldn't tie that conduct to ---- that they didn't allege sufficient facts to tie that conduct to the confessions of judgment, which we believe was their allegation of the deprivation of property. So is that taking the facts in the light most favorable to the plaintiffs? I think it's taking the facts in the only way that they could be interpreted based on all of the allegations, based on the concessions of counsel, based on the briefs. I think it was a reasonable interpretation of what occurred. I understand they don't like the word voluntary, but if it's not compelled either by court order and they do it anyways, I mean, I guess what else could it be other than voluntary? And I think that's what the court found. There's been some suggestion that this case isn't about confessions of judgment. It's more about everything, policies, procedures, and customs. I would ask the court to simply look at the prayer for relief. It's all focused on the confession of judgment. Paragraphs 182 through 184 specifically ask about a declaration that confessions of judgment signed are unlawful, injunctive relief prohibiting the defendants from using confessions of judgment, injunctive relief prohibiting the defendants from initiating reimbursement claims of confession of judgment. And then if you look at the class that they're trying to establish, it's individuals who have been released, who have signed or will sign a confession of judgment, and whose fees have been paid or will be paid under a confession of judgment. So this case isn't about other policies and procedures. I think that's why it's a moving target, because they realize that they can't trace the conduct to the alleged constitutional harm, and that's what the district court found. So I think they've changed their argument here in the appellate court to try and overcome that obvious failure. With respect to these two plaintiffs, now I will say again in open court, there may be other plaintiffs where this case could go forward. If they had confessions of judgment signed and filed and then something happened, then I think they likely would get by the standing argument for sure, and then we'd be fighting on the merits in those. But with these individuals, I don't think they satisfy that standard. Isn't it fair to say, though, that this process does deny them some process in the sense that they can't challenge the amount, they can't assert affirmative defenses they might have, that sort of thing that would be available under the statutory process? I guess, Judge, if the question is whether confession of judgment versus the statute are different, I think the answer is yes. But because the confession of judgments were never deployed, they were never activated, I think that's getting to the point of asking the court to issue an advisory opinion about whether or not, and I think that's where the court was talking about redressability, saying it doesn't matter if we determine that this is unconstitutional because they can do these things anyways under Iowa law. So I could say that this is unconstitutional and void it, but then they could just go file the civil reimbursement claim and deal in the civil court. So I see my time's up, and thank you very much, Your Honors. Thank you. Thank you, Your Honors. I only have a few minutes, so I want to make a few quick points. First, the case that Your Honor was asking about, that's the Abrahamson decision from the Iowa Supreme Court we cited in our briefing. That case was from before the amendments, but we all agree it still controls because it's a constitutional issue. That case says a court judgment is, quote, a condition precedent to collection. So let's look at what the statute actually says. The statute says that defendants can charge jail fees, and then it says if someone fails to pay, the sheriff or the municipality can initiate a reimbursement claim. Now, defense counsel said something like we conceded that they could collect through phone calls. We didn't concede that. What we conceded, and I continue, is they can charge jail fees. We agree. Period. The collections after that? As you describe it, did Abrahamson talk about my rubber stamp point? Yes, it did, Your Honor. Let's get to that. Yes, absolutely, Your Honor. So what Abrahamson said is that courts have discretion to review procedure and substance. And so when this gets submitted to a court, the court can exercise its discretion to reduce the fees. Was it focusing on 356.7? Yes, Your Honor. And just very quickly, I want to make the point, Your Honor's noted the allegations about Sheriff Thompson and what he said. He sent that email in October of 2022. So yes, that's correct. The statute was amended in 2020. But when he made the statement that judges are most likely to waive these fees in question, he was making that statement after the amendment of the statute. I want to quickly address the imminent risk of harm point. I didn't get to timing there. Yes, Your Honor. So the Iowa statute was amended in 2020. Yeah. And so the defendant's argument was that, well, the amendments changed that process, but the sheriff's statement that we're talking about was made after the amendments. So he's saying – The sheriff's statement in this case or in Abrahamson? In this case. Sorry, Your Honor. In this case, the allegations in our complaint. And so to the imminent risk of harm, I just want to point to this court's decision in Krantz. We cited that in our briefing. Krantz says where the enforcement actor doesn't disavow that they will enforce, that you can assume that there could be enforcement proceedings, and they've maintained all along. They have our confessions of judgment from our plaintiffs, and their official policy says that they maintain those confessions of judgment at the jail until the full amount is paid or until legal action is pursued to recoup the debt. And Your Honor, I see I'm over time. Thank you, Your Honors. Thank you, Counsel. The case has been thoroughly briefed, and the argument's been helpful, and we'll take it under advisement.